## Commonwealth v. Brougher

*Eugene Martucci*, for appellant.
*Edward Mihalik*, for Commonwealth.

KLEIN, *J.*, November 24, 1975—This matter is before the court upon the appeal of James P. Brougher from an order of the Secretary of Transportation suspending his motor vehicle privileges "until you post security or furnish release from

other parties," pursuant to section 1404 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1404 (financial responsibility).

A de novo hearing was held on November 18, 1975.

The Commonwealth produced no witnesses concerning the matter but merely offered certified copies of appellant's record, notice of hearing before the department examiner, hearing abstract and summary of the evaluator's work sheet and appellant's traffic accident report.

Appellant testified, giving his version of the accident which exculpated him from liability. He also established that a suit was commenced against the other driver and that judgment was entered in favor of the owner of the auto he was driving by a justice of the peace. An appeal was taken by the other operator and that matter is presently pending.

The appeal must be sustained, because the Commonwealth has failed to meet its burden.

The applicable statute provides:

"(b) Any person aggrieved by an order . . . of the secretary . . . may . . . file a petition . . . for a *trial de novo* to determine whether such order . . . is lawful and reasonable. . . .": 75 P.S. §1401(b). (Emphasis supplied.)

The financial responsibility suspension law requires the court, in such appeals to determine whether the suspension is "lawful and reasonable." It is lawful only if the Commonwealth proves that defendant lacks financial responsibility, and has failed to post the required security (or furnish releases); *and that there is a reasonable basis for concluding that a judgment may be entered against the appellant as a result of the accident.*

54

Bell v. Burson, 402 U.S. 535, 91 S. Ct. 1586 (1971); and Commonwealth v. Roeting, 7 Pa. Commonwealth Ct. 317, 300 A. 2d 125 (1973). See also Commonwealth v. Boggs, 59 D. & C. 2d 213, 32 Beaver 1 (1972) (criminal action-driving during suspension). The suspension is reasonable if the amount of security required is reasonable with respect to the amount of damages suffered by the other party to the accident.

Obviously, without testimony from witnesses to allow such a conclusion, we cannot determine that the secretary had a reasonable basis for concluding that a judgment may be entered against appellant.

### ORDER

And now, November 24, 1975, for the reasons set forth in the foregoing opinion, the order of the Secretary of Transportation, dated August 18, 1975, suspending the operating privileges of James P. Brougher until he posts security of $325, or furnishes releases from the other parties, is reversed and set aside; petitioner's appeal is sustained and the secretary is ordered to restore all of the operating privileges of the said James P. Brougher forthwith.